IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SARAH WENELL, on behalf of herself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) CASEY'S GENERAL STORES, INC. ) ) Service Instructions: ) ) Julia L. Jackowski ) One SE Convenience Blvd ) Ankeny, IA 50021 ) ) And ) ) CASEY'S MARKETING COMPANY ) ) Service Instructions: Registered Agent: ) ) The Corporation Company ) 7733 Forsyth Blvd ) Clayton, MO 63105 ) ) Defendants. ) | Case No. 4:18-cv-00774 Electronically Filed CLASS ACTION COLLECTIVE ACTION |

## COMPLAINT
*Class and Collective Action*

Plaintiff, Sarah Wenell, on behalf of herself, and all others similarly situated, brings this representative action for violation of the Fair Labor Standards Act under §216(b) and related state wage and hour laws:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action against Defendants, Casey's Marketing Company and Casey's General Stores, Inc. ("Casey's"), for unpaid overtime compensation, and related penalties

1

and damages. It is Defendants' practice and policy to willfully fail and refuse to properly pay all overtime compensation due and owing and doing so is in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2. Defendants' pay practices and policies are in direct violation of the FLSA and state law, and therefore Plaintiff, on behalf of herself and all others similarly situated, seeks overtime premiums for all overtime work required, suffered, or permitted by Defendants; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

## PARTIES

3. Plaintiff Sarah Wenell currently resides in Clay County, Missouri.

4. Plaintiff was employed by Defendants, was paid on an hourly basis, and worked at Defendants' location on North Oak Trafficway in North Kansas City, MO as well as other Casey's locations.

5. At all relevant times, Plaintiff worked as an hourly employee. Plaintiff regularly worked in excess of 40 hours in a workweek.

6. Over the course of her employment Plaintiff was paid a base hourly rate of approximately $10.00-$11.00 per hour.

7. In weeks in which she worked overtime, she was paid at 1.5 times her base hourly rate of pay (for example, $15.00 per hour when she had a base hourly rate of $10.00 per hour).

8. As part of her compensation structure, plaintiff regularly received non-discretionary bonuses, shift differentials, and other increases in her compensation structure.

9. However, those increases to her regular rate were not included when calculating overtime premiums. Instead, Defendants solely based overtime compensation on Plaintiff's base

2

hourly rate.

10. This is unlawful under the FLSA and state wage and hour laws. *See* 29 C.F.R. §§ 778.200; 778.208.

11. Plaintiff and the workers she seeks to represent are those employees nationwide who Defendants classified as nonexempt from overtime and who received increases in their regular rate of pay from bonuses, shift differentials, and other means, and who were not paid overtime compensation at the proper rate of pay for all hours worked.

12. At all relevant times, Defendants were employers and/or joint employers of Plaintiff, and all other similarly situated employees, and is thus liable to Plaintiff, and all others similarly situated, as employers and/or joint employers.

## JURISDICTION AND VENUE

13. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq*.

14. The United States District Court for the Western District of Missouri has personal jurisdiction because Defendants conducts business and employed Plaintiff in this District.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because Defendants have offices, conduct business, have substantial business contacts and can be found in the Western District of Missouri, and the causes of action set forth herein have arisen, in part, and occurred, in part, in the Western District of Missouri.

## GENERAL COLLECTIVE ACTION ALLEGATIONS
## COLLECTIVE AND CLASS ACTION ALLEGATIONS

16. Plaintiff brings Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and of the following group of persons:

All nonexempt Casey's workers nationwide who were classified as nonexempt from overtime and who received increases in their regular rate of pay from bonuses, shift differentials, and other means, and who were not paid overtime compensation at the proper rate of pay for all hours worked.

17. Plaintiff brings her state law claims in Count II under state law (including individual state law subclasses) and Count III (unjust enrichment) as an opt out class action, as defined below, pursuant to Fed. R. Civ. P. 23. Plaintiff, individually, and behalf of others similarly situated, seeks relief on a class basis challenging Defendants' practice of compensating Plaintiff and others similarly situated. The Rule 23 subclasses are defined as follows:

NATIONWIDE UNJUST ENRICHMENT CLASS

All nonexempt Casey's workers nationwide who were classified as nonexempt from overtime and who received increases in their regular rate of pay from bonuses, shift differentials, and other means, and who were not paid overtime compensation at the proper rate of pay for all hours worked within five years of the filing of this action.

ARKANSAS SUBCLASS

All nonexempt Casey's workers in Arkansas who were classified as nonexempt from overtime and who received increases in their regular rate of pay from bonuses, shift differentials, and other means, and who were not paid overtime compensation at the proper rate of pay for all hours worked within three years of the filing of this action. Ark. Code Ann § 11-4-211.

CALIFORNIA SUBCLASS

All nonexempt Casey's workers in California who were classified as nonexempt from overtime and who received increases in their regular rate of pay from bonuses, shift differentials, and other means, and who were not paid overtime compensation at the proper rate of pay for all hours worked within three years of the filing of this action. California Labor Code §§ 201, 202, 203, 204, 210, 226, 510, 515, 558 and 1194; California Industrial Wage Order No. 4 (8 C.C.R. § 11040, as amended throughout the Class Period); and Cal. Bus. & Prof. Code § 17200.

IOWA SUBCLASS

All nonexempt Casey's workers in Iowa who were classified as nonexempt from overtime and who received increases in their regular rate of pay from bonuses, shift differentials, and other means, and who were not paid overtime compensation at the proper rate of pay for all hours worked within two years of the filing of this action. Iowa Code, § 91A.

INDIANA SUBCLASS

All nonexempt Casey's workers in Indiana who were classified as nonexempt from overtime and who received increases in their regular rate of pay from bonuses, shift differentials, and other means, and who were not paid overtime compensation at the proper rate of pay for all hours worked within three years of the filing of this action. Ind. Code Ann. §22-2-2-4; §22-2-2-9

KANSAS SUBCLASS

All nonexempt Casey's workers in Kansas who were classified as nonexempt from overtime and who received increases in their regular rate of pay from bonuses, shift differentials, and other means, and who were not paid overtime compensation at the proper rate of pay for all hours worked within three years of the filing of this action. K.S.A. 44-313, *et. seq*

KENTUCKY SUBCLASS

All nonexempt Casey's workers in Kentucky who were classified as nonexempt from overtime and who received increases in their regular rate of pay from bonuses, shift differentials, and other means, and who were not paid overtime compensation at the proper rate of pay for all hours worked within three years of the filing of this action. Ky. Rev. Stat., Ch. 337, et seq.

MASSACHUSETTS SUBCLASS

All nonexempt Casey's workers in Massachusetts who were classified as nonexempt from overtime and who received increases in their regular rate of pay from bonuses, shift differentials, and

other means, and who were not paid overtime compensation at the proper rate of pay for all hours worked within three years of the filing of this action. Mass. Gen. Laws. Ch 151 Sec 1, et. seq.

MISSOURI SUBCLASS

All nonexempt Casey's workers in Missouri who were classified as nonexempt from overtime and who received increases in their regular rate of pay from bonuses, shift differentials, and other means, and who were not paid overtime compensation at the proper rate of pay for all hours worked within two years of the filing of this action. Mo. Rev. Stat. 290.500, et. seq.; Mo. Code Regs. Ann. tit. 8, § 30-4.020

NEBRASKA SUBCLASS

All nonexempt Casey's workers in Nebraska who were classified as nonexempt from overtime and who received increases in their regular rate of pay from bonuses, shift differentials, and other means, and who were not paid overtime compensation at the proper rate of pay for all hours worked within four years of the filing of this action. Nebraska Wage Payment and Collection Act ("NWPCA"), Neb. Rev. Stat. §§ 48-1228 *et seq.*,

OHIO SUBCLASS

All nonexempt Casey's workers in Ohio who were classified as nonexempt from overtime and who received increases in their regular rate of pay from bonuses, shift differentials, and other means, and who were not paid overtime compensation at the proper rate of pay for all hours worked within three years of the filing of this action. Ohio Const. Art II Sec. 34a, et. seq.; Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111, et seq.; Ohio Rev. Code § 4113.15.

TEXAS SUBCLASS

All nonexempt Casey's workers in Texas who were classified as nonexempt from overtime and who received increases in their regular rate of pay from bonuses, shift differentials, and other means, and who were not paid overtime compensation at the proper rate of pay for all hours worked within two years of the filing of this action. Tex Lab. Code Ann. Sec 62.051, et. seq.

WISCONSIN SUBCLASS

> All nonexempt Casey's workers in Wisconsin who were classified as nonexempt from overtime and who received increases in their regular rate of pay from bonuses, shift differentials, and other means, and who were not paid overtime compensation at the proper rate of pay for all hours worked within two years of the filing of this action. Wis. Stat. § 103.025.

18. The class satisfies the numerosity standards in that the class numbers well into the thousands. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct and electronic mail as well as notice posted in the place of work.

19. There are questions of fact and law common to the classes that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

   a. Whether Defendants paid bonuses that were not included in the regular rate of pay for purposes of calculating overtime;

   b. Whether Defendants paid shift differentials that were not included in the regular rate of pay; for purposes of calculating overtime;

   c. Whether such pay is exempted from regular rate of pay;

   d. Whether Defendants knew or had reason to know its policies and compensation practices were unlawful, and

   e. Whether Defendants retained a benefit from such unlawful policies and compensation practices.

20. The aforementioned common questions, among others, predominate over any questions affecting individual persons, and a class action is proper as it will achieve and promote

7

consistency, economy, efficiency, fairness, and equity.

21. Plaintiff's claims are typical of those of the Class in that class members have been paid pursuant to the same compensation structure as the Plaintiff and were subject to the same or similar unlawful practices as the Plaintiff.

22. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

23. Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class she seeks to represent. The interests of the members of the class will be fairly and adequately protected by Plaintiff acting as Class Representative and her undersigned counsel, who have experience in wage and hour and class action lawsuits.

24. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

8

Case 4:18-cv-00774-NKL    Document 1    Filed 09/28/18    Page 8 of 14

25. To the extent required by law, notice will be provided to said individuals via first class mail, email and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## **COUNT I – FAIR LABOR STANDARDS ACT**

### **Failure to Pay Overtime Wages**

26. Plaintiff hereby incorporates all of the above paragraphs in this Complaint as if fully set forth in this Count.

27. Plaintiff was employed by Defendants in the past three years and she was paid on an hourly nonexempt basis.

28. Prior to, during, and after Plaintiff's employment with Defendants, the Defendants employed numerous other individuals who had the same compensation structure as Plaintiff.

29. Plaintiff brings this Claim as a collective action pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of all nonexempt Casey's workers nationwide who are or were subject to an increase in pay such as a bonus and/or shift differential and whose regular rate of pay was not calculated to include such additional compensation in calculating overtime payments within the past three years and going forward.

30. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff because her claims are substantially similar to the claims of the other workers she seeks to represent.

31. Plaintiff is similarly situated to the group she seeks to represent because they are all subject to Defendants' common practice, policy, or plan of refusing to include all compensation, such as bonuses and shift differentials when calculating the regular rate for overtime, in violation of the FLSA.

32. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

33. At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," including each of the putative members of the FLSA representative action.

34. At all times relevant herein, Defendants have had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

35. The FLSA requires each covered employer, such as the Defendants, to compensate all non-exempt employees straight time for all hours worked and overtime compensation, at a rate of not less than one-and-one-half the regular rate of pay, for work performed in excess of forty hours in a work week.

36. The FLSA further requires that increases in the regular rate of pay for shift differentials, bonuses, and other types of pay be included in the regular rate when determining overtime compensation.

37. Plaintiff and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay under the FLSA.

38. At all relevant times, Defendants have had a policy and practice of failing and refusing to properly pay their nonexempt employees overtime pay at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty hours in a work week.

39. The Defendants' failure to properly compensate Plaintiff, and all others similarly situated at a rate of not less than one-and-one-half times the regular rate of pay, for work performed in excess of forty hours in a work week constitutes a violation of the FLSA, 29 U.S.C. §§ 201, *et seq.,* including 29 U.S.C. § 207(a)(1).

10

Case 4:18-cv-00774-NKL   Document 1   Filed 09/28/18   Page 10 of 14

40. Defendants' violations of the FLSA are continual in nature.

41. The foregoing conduct constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

42. The Plaintiff, on behalf of herself and all others similarly situated, seeks damages in the amount of all respective unpaid overtime compensation at a rate of one-and-one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, recovery of all attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## COUNT II – STATE LAW WAGE STATUTES

43. Plaintiff hereby incorporates all of the above paragraphs in this Complaint as if fully set forth in this Count.

44. At all relevant times, Defendants have been and continue to be "employers."

45. At all relevant times, Plaintiff and the putative class members were Casey's "employees."

46. The state wage laws require an employer to pay proper overtime compensation to all non-exempt employees.

47. Plaintiff and members of the Class are not and were not exempt from overtime pay requirements.

48. During the applicable statute of limitations, Defendants had a policy and practice of failing and refusing to pay all overtime wages to the Plaintiff and members of the class based on the proper regular rate of pay.

49. As a result of Defendants' willful failure to pay overtime wages earned, Defendants have violated and continue to violate the state wage laws, including but not limited to Mo. Rev. Stat. § 290.500.

50. Defendant's conduct violates the state laws of other states in which class members reside, including the state law subclasses as defined in Paragraph 17.

**WHEREFORE**, Plaintiff, on behalf of herself and all proposed class members, prays for relief as follows:

a. Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members, apprising them of the pendency of this action;

b. Designation of Plaintiff Wenell as Representative Plaintiff, acting for and on behalf of the putative class members;

c. A declaratory judgment that the practices complained of herein are unlawful under the Missouri Wage Laws, Mo Rev. Stat. 290.500, *et seq.* and the state wage laws and an injunction against the same;

d. An award of damages of the full amount of the wage rate and an additional equal amount as liquidated damages;

f. Costs and expenses of this action incurred herein;

g. Reasonable attorneys' fees and expert fees;

h. Pre-Judgment and Post-Judgment interest, as provided by law; and

i. Any and all such other and further relief as this Court deems necessary, just and proper.

### COUNT III – UNJUST ENRICHMENT

51. Plaintiff realleges and incorporates by reference each and every allegation and averment set forth above as though fully set forth herein.

52. Defendants have been and are being enriched by making deficient payments for work performed by Plaintiff and other similarly situated employees.

53. Defendants have been and are being enriched at the expense of Plaintiff and other similarly situated employees because Plaintiff and others were not properly compensated for their work.

54. Defendants intentionally refused to pay Plaintiff and other similarly situated employees at the proper rate for all hours worked. Defendants knew the proper rate of pay for Plaintiff and other similarly situated employees. Such wrongful conduct demonstrates bad faith on the part of Defendants.

55. It is unjust for Defendants to retain the benefits from the unpaid work performed by Plaintiff and other similarly situated employees.

**WHEREFORE**, Plaintiff, on behalf of herself and all proposed class members, prays for relief as follows:

a. Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members, apprising them of the pendency of this action;

b. Designation of Plaintiff Wenell as Representative Plaintiff, acting for and on behalf of the putative class members;

c. A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same;

d. An award of restitution of the full amount of the wage rate;

f.  Costs and expenses of this action incurred herein;

g.  Reasonable attorneys' fees and expert fees;

h.  Pre-Judgment and Post-Judgment interest, as provided by law; and

i.  Any and all such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

THE HODGSON LAW FIRM

/s/ *Michael Hodgson*
Michael Hodgson, MO Bar No. 63677
3699 SW Pryor Road
Lee's Summit, MO 64082
Tel: (913) 890-3529
mike@thehodgsonlawfirm.com


WILLIAMS DIRKS DAMERON, LLC
Eric L. Dirks, MO Bar No. 54921
John Doyle, MO Bar No. 66626
1100 Main Street, Suite 2600
Kansas City, MO 64105
dirks@williamsdirks.com
jdoyle@williamsdirks.com
Tel: (816) 945-7110
Fax: (816) 945-7118

*Attorneys for Plaintiff*