IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SARAH WENELL, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:18-cv-00774-NKL ) |
| CASEY'S GENERAL STORES, INC. | ) ) ) ) |
| And | ) ) |
| CASEY'S MARKETING COMPANY | ) ) ) ) |
| Defendants. | ) |

## ORDER PRELIMINARILY APPROVING SETTLEMENT AGREEMENT FOR CLASS AND COLLECTIVE ACTION CLAIMS, APPROVING FORMS OF CLASS NOTICE TO CLASS MEMBERS AND NOTICE OF SETTLEMENT TO OPT-IN PLAINTIFFS, APPOINTING SETTLEMENT ADMINISTRATOR, AND SCHEDULING HEARING FOR FINAL APPROVAL

Named Plaintiff Sarah Wenell ("Plaintiff") (herein "Class Representative") has requested that the Court enter an order preliminarily approving the settlement of this Litigation as stated in the Class and Collective Action Settlement Agreement ("Settlement" or "Settlement Agreement"), which, together with the exhibits attached thereto, set forth the terms and conditions for a proposed settlement and dismissal of the Litigation. Doc. 35. Defendants Casey's General Stores, Inc. and Casey's Marketing Company ("Defendants") do not oppose preliminary approval of the Settlement.

After having read and considered the Settlement Agreement, the exhibits attached to it, and the briefing submitted in support of preliminary approval of the Settlement, the Court

preliminarily approves the Parties' Settlement as fair, reasonable and adequate and Orders as follows:

1. The Court finds that notice of the Settlement to the Class Members is justified because the Parties have shown that the Court will likely be able to approve the Settlement Agreement under Rule 23(e)(2) and will likely be able to certify the Settlement Classes for purposes of judgment.

2. The Court finds that it will likely be able to certify the FLSA Settlement Class and Rule 23 Class as defined in the Settlement Agreement.

3. The Court specifically finds that, for the purposes of Settlement only, with regard to the Rule 23 Class under Rule 23, (i) the Class is so numerous that joinder is impracticable; (ii) common questions of fact and law exist; (iii) the Class Representatives' claims are typical of the Class Members' claims; and (iv) the Class Representatives will be able to fairly and adequately protect the interests of the Class Members. In addition, the Court finds that, for the purposes of Settlement only, with regard to the Rule 23 Class, questions of law or fact common to the Class predominate over questions affecting individual members, and a class action is superior to other available methods. Certification of the Rule 23 Class for settlement purposes is the best means for protecting the interests of all of the Class Members.

4. The Court finds that it likely will be able to approve the Settlement Agreement under Rule 23(e)(2) because the Settlement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

5. The Court also finds that the Settlement Agreement provides adequate relief to the Class Members considering the costs, risks, and delay associated with trial and appeal as well as

the effectiveness of the proposed distribution of settlement payments to Class Members. The Court further finds that preliminary approval of the Settlement is supported by the terms of the proposed Attorneys' Fee and costs and proposed service awards.

6. The Settlement Agreement treats Class Members equitably relative to each other because settlement payments are based on an equitable formula taking into account the amount of time worked, the pay rate for each class member, and the claims asserted in the litigation.

7. Eric Dirks, and Michael Hodgson shall serve as Class Counsel and Plaintiff Sarah Wenell shall serve as the Class Representative.

8. The Court approves, as to form and content, the Notices of Settlement attached as Exhibits A and B to the Settlement Agreement. The Court finds that the Class Notices: (1) meet the requirements of federal law and due process; (2) are the best notice practicable under the circumstances; and (3) shall constitute due and sufficient notice to all individuals entitled thereto.

9. Within sixty (60) days of the initial mailing of the Class Notice, Class members who have not previously opted in and who wish to receive a complete settlement award must fill out and submit or return a Claim Form electronically or via postcard to the Settlement Administrator.

10. A Final Approval Hearing, for purposes of determining whether the Settlement should be finally approved, shall be held before this Court on Tuesday, April 7, 2020, at 1:30 PM in Courtroom 8C at the U.S. District Court for the Western District of Missouri, Charles Evans Whittaker U.S. Courthouse, 400 E. 9th Street, Kansas City, Missouri 64106. At the hearing, the Court will hear final arguments concerning whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and

adequate and should be approved by the Court. The Court will also hear at that time any timely objections submitted by Class Members.

11. Any Settlement Class Member may enter an appearance in the Litigation individually or through counsel of his or her own choice. Any Class Member who does not enter an appearance or exclude himself or herself from the Settlement Class will be represented by Class Counsel.

12. Any Class Member may appear at the Final Approval Hearing and show cause, if any, why: (1) the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate; (2) why a judgment should or should not be entered thereon; (3) why attorneys' fees and costs should or should not be awarded to Class Counsel; and/or (4) why the Class Representative and other Class Members as specified in the Settlement Agreement should or should not receive an extra compensation in the form of a Service Award. However, no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved the Judgment to be entered thereon approving the same, or, if awarded, Service Awards and attorneys' fees and costs to Class Counsel, unless that person has, no later than sixty (60) days after the initial mailing of the Class Notice to Class Members, served by mail on Class Counsel and Defendants' counsel and filed with the Court written notice of the Class Member's intention to appear at the Final Approval Hearing and written objections and copies of any papers and briefs in support thereof. The Court will consider and rule upon all timely filed objections at the Final Approval Hearing. Any Class Member who does not timely file and serve his or her objection in the manner provided above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the

Settlement Agreement, any Service Awards, and any award of attorneys' fees and costs awarded to Class Counsel, unless otherwise ordered by the Court.

13. All papers in support of the Settlement shall be filed no later than five (5) days before the Final Approval Hearing.

14. The Court reserves the right to adjourn the date of the Final Approval hearing without further notice to the Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**IT IS SO ORDERED.**

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: December 16, 2019
Jefferson City, Missouri